FILED



3:12 pm, 6/11/20

**Margaret Botkins
Clerk of Court**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| UNITED STATES OF AMERICA | Case Number: 19-CR-195-SWS-1 |
|---|---|
| vs | |
| GUADALUPE HERNANDEZ, JR | Defendant's Attorney(s):<br>Melanie Gavisk |

## JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT pled guilty to count 1.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2). | Felon in Possession of a Firearm | August 27, 2019 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: **17621-091**

June 10, 2020
Date of Imposition of Sentence

*Scott W. Skavdahl*
Scott W. Skavdahl
Chief United States District Judge

6/11/20
Date

WY 14                                                                                                      Rev. 12/09/2019

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months and 2 days.

The Court recommends to the Bureau of Prisons that the defendant be placed at a facility in Bastrop, Texas.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____ , with a certified copy of this Judgment.

_____
United States Marshal/Bureau of Prisons

By: _____
Authorized Agent

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant' s presentence report or other reliable information indicates a low risk of future substance abuse by the defendant.

If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine.

The defendant shall (A) make restitution in accordance with 18 U .S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (see 18 U.S .C. § 3572(d)), the defendant shall adhere to the schedule.

The defendant shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S .C. § 14135a).

The defendant shall comply with the standard conditions that have been adopted by this Court as defined in the contents of the Standard Conditions page (if included in this judgment).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall participate in and successfully complete substance abuse treatment in a program approved by the U.S. Probation Officer, and abide by the rules, requirements and conditions of the treatment program. The defendant shall not discontinue treatment without the permission of the U.S. Probation Officer.

The defendant must submit to substance abuse testing to determine if he/she has used a prohibited substance. Testing may include urine testing, the wearing of a sweat patch, breathalyzer, a remote alcohol testing  ystem, an alcohol monitoring technology program, and/or any form of prohibited substance screening or testing. The defendant shall not attempt to obstruct or tamper with the testing methods nor possess any device or item used to evade or

impede testing. Furthermore, the defendant may be required to pay all, or a portion, of the costs of the testing.

The defendant shall refrain from any use or possession of alcohol and/or other intoxicants including over the counter medications used contrary to the recommended dosage, or the intentional inhalation of any substance, prescribed or otherwise, without the permission of the probation officer. Additionally, the defendant shall not enter establishments whose primary income is derived from the sale of alcohol.

The defendant shall submit his/her person, property, storage facility, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), or other electronic communications or data storage devices or media, to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

The defendant shall participate in a cognitive-behavioral treatment regimen that may include, but is not limited to, Moral Reconation Therapy, Cognitive Thinking, Thinking for a Change, or Interactive Journaling. The defendant shall actively participate in treatment until successfully discharged or until the U.S. Probation Officer has excused the defendant from the treatment regimen.

The defendant shall cooperate with his child support obligation in Big Horn County Posse #185145.

The defendant shall undergo a clinical assessment with a provider approved of by the U.S. Probation Officer and shall participate in any mental health treatment that is recommended. He shall not discontinue mental health treatment until he has been discharged by the mental health provider and the U.S. Probation Officer.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of the time the defendant was sentenced or released from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may, after obtaining Court approval, require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

# FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Community Restitution | Fine |
|---|---|---|---|
| 1 | $100.00 | | |
| Notes: | | | |
| **Totals:** | $100.00 | | |

The fine and/or restitution includes any costs of incarceration and/or supervision. The fine and/or restitution, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than Two Thousand Five Hundred Dollars ($2,500.00), unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court has determined that the defendant does not have the ability to pay interest or penalties and it is ordered that:

    The interest and penalties not be applied to fine and/or restitution.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) community restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due in full immediately.

IT IS ORDERED the defendant shall pay a special assessment fee in the amount of $100.00, which shall be due immediately. Payments for monetary obligations shall be made payable by cashier's check or money order to the Clerk of the U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, Wyoming 82001 and shall reference the defendant's case number, 19-CR-195-SWS-1. The defendant shall participate in the Inmate Financial Responsibility Program to pay his/her monetary obligations. The defendant shall pay all financial obligations immediately. While incarcerated, the defendant shall make payments of at least $25 per quarter. Any amount not paid immediately or through the Inmate Financial Responsibility Program shall be paid commencing 60 days after his/her release from confinement in monthly payments of not less than 10% of the defendant's gross monthly income. All monetary payments shall be satisfied not less than 60 days prior to the expiration of the term of supervised release.